UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X     E.D. Bankr. Case
JOHN PATRICK DUFFY,                      No. 07-75053(ESS)

          Appellant,                ORDER
                                         08-CV-2345(JS)
    -against-

JORDAN S. KATZ, Attorney for Opteum
Financial Services and Cenlar,

          Appellee.
----------------------------------X

APPEARANCES:

| | |
|---|---|
| For Appellant/Debtor: | John Patrick Duffy, Pro Se<br>21 Beach Walk<br>Island Park, NY 11558 |
| For Appellee: | Jordan S. Katz, Esq.<br>Hirsch & Katz<br>395 N. Service Rd., Suite 401<br>Melville, NY 11747 |
| For Chapt. 7 Trustee: | Allan B. Mendelsohn, Esq.<br>Zavatsky, Mendelsohn, Gross, Savino & Levy<br>33 Queens Street<br>P.O. Box 510<br>Syosset, NY 11791 |
| For U.S. Trustee: | Diana G. Adams, Esq.<br>Office of the United States Trustee<br>Long Island Federal Courthouse<br>560 Federal Plaza - Room 560<br>Central Islip, NY 11722-4437 |

SEYBERT, District Judge:

    On April 9, 2008, United States Bankruptcy Judge Elizabeth S. Stong issued an order from which Appellant John Patrick Duffy ("Appellant") now appeals. On April 28, 2008, Appellant submitted a Notice of Appeal, which was filed with this Court on June 11, 2008. Pursuant to this Court's Individual

Rules and Rule 8009 of the Federal Rules of Bankruptcy Procedure, an appellant must "serve and file a brief within 15 days after entry of the appeal on the docket." Fed. R. Bankr. P. 8009(a)(1). Appellant's brief, having not yet been filed, is obviously untimely.

The Court notes, however, that the time limitation imposed by Bankruptcy Rule 8009 is "not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines . . . . Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances." In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir. 1987). Based on the record, however, the Court has no basis upon which to analyze whether dismissal is appropriate. Accordingly, Appellant is granted one final opportunity to file a brief in support of his Appeal and provide the Court with an explanation for his failure to file the brief within the time limit imposed by Rule 8009.

Failure to file a brief with the required explanation within 15 days of the date this Order is docketed will result in dismissal of the Appeal for failure to prosecute. See Fed. R. Civ. P. 41(b). This Order constitutes Appellant's final warning. In the event Appellant files such brief within 15 days of the date this Order is docketed, Appellee is directed to file his

opposition "within 15 days after service" of the Appellant's brief. Fed. R. Bankr. P. 8009(a)(2). Appellant may serve a reply "within 10 days after service of the brief of the Appellee." Fed. R. Bankr. P. 8009(a)(3).

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 6, 2008
Central Islip, NY